09-2346-cv
Surac v. Cavalry Portfolio Services, LLC

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the seventeenth day of December, two thousand nine.

PRESENT:
>JOSÉ A. CABRANES,
>BARRINGTON D. PARKER,
>> *Circuit Judges*,
>CAROL BAGLEY AMON,[*]
>> *District Judge*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DAVOR SURAC,

>> *Plaintiff-Appellant*,
> v.                                                                   No. 09-2346-cv

CAVALRY PORTFOLIO SERVICES, LLC, CAVALRY SPV I, LLC,,

>> *Defendants-Appellees*,

EXPERIAN, TRANSUNION, EQUIFAX, AT&T CORP.,

>> *Defendants*.

---

[*]The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**        JOSHUA N. BLEICHMAN, Spring Valley, NY.

**COUNSEL FOR APPELLEES:**        JONATHAN ELLIOT, Zeldes, Needle & Cooper, Bridgeport, CT.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff Davor Surac ("plaintiff" or "Surac") appeals from the May 11, 2009 order of the District Court denying Surac's motion to reopen his case alleging violations of the Fair Debt Collection Practices Act against, *inter alia*, defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC (jointly "defendants" or "Cavalry"). On appeal, plaintiff argues that the District Court erred in denying plaintiff's motion to reopen. We assume the parties' familiarity with the facts and procedural history of this case.

Any request to modify a district court judgment must be filed within ten days of the entry of that judgment. Fed. R. Civ. P. 59(e). If a motion to set aside a judgment for any reason other than clerical error is filed more than ten days after the entry of that judgement, as happened in this case, "it is properly considered a motion under Fed. R. Civ. P. 60(b)." *Branum v. Clark*, 927 F.2d 698, 704 (2d Cir. 1991).

Pursuant to Rule 60(b), a motion for relief from a judgment or order may be granted if there is "mistake, inadvertence, surprise, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). This relief is available only in "exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008). We review an order of the district court denying a Rule 60(b) motion for abuse of discretion. *See SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence or rendered a decision that cannot be located within the range of permissible decisions." (internal alteration, citations, and quotation marks omitted)).

Plaintiff argues that the District Court's refusal to reopen proceedings "was erroneous and an abuse of discretion." Pl. Br. 6. Plaintiff, however, seems to challenge only the March 11, 2009 order of the District Court denying Surac's motion to enforce the settlement agreement—an order from which plaintiff has not appealed. With respect to the May 11, 2009 order denying his motion, from which plaintiff does appeal, he makes no showing of "exceptional circumstances" that would

warrant relief under Rule 60(b).  Accordingly, we conclude that the District Court did not err in denying Surac's motion to reopen proceedings.

**CONCLUSION**

For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3